IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EUGENIA BATES                                                                                              PLAINTIFF

v.                                                                         CIVIL ACTION NO.: 3:11cv368-DPJ-FKB

AMITE COUNTY, MISSISSIPPI, ET AL.                                                            DEFENDANTS

ORDER

This § 1983 action is before the Court on the motion of Defendant Sheriff Timothy Perkins, in his individual capacity, for summary judgment premised on qualified immunity [18]. The Court, having considered the memoranda and submissions of the parties, concludes that Plaintiff failed create a jury question as to whether Perkins violated her constitutional rights. Perkins's motion should therefore be granted.

I.     Facts and Procedural History

This case arises out of Plaintiff Eugenia Bates's allegation that two male inmates broke out of their cells and raped her on February 28, 2010, while she was detained in the Amite County Jail ("ACJ"). Plaintiff sued Amite County, Mississippi, the Amite County Board of Supervisors, the Amite County Sheriff Department, several members of the Amite County Board of Supervisors, and Sheriff Timothy Perkins, individually and in his official capacity as Sheriff of Amite County, alleging violations of 42 U.S.C. § 1983 and state-tort law.[1]  Compl.  As to Perkins, Bates alleges that he violated her constitutional rights by allowing her to be sexually assaulted in the ACJ and by failing to properly train his deputies. Id. ¶ 17. Following a period of immunity-related discovery, Perkins filed the instant motion for summary judgment. Bates

---

[1] The Amite County Sheriff's Department and the Amite County Board of Supervisors, as well as Bates's state-law claims against the remaining defendants, were dismissed on July 18, 2011.  Order [10].

responded after a show cause order directed her to do so. The Court has personal and subject matter jurisdiction and is prepared to rule.

II.     Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such

contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Finally, the Court notes that Bates's response falls well short of the requirements of Rule 56(c). Bates's minimal response neither attaches nor cites any record evidence as supporting her conclusory and cursory factual assertions. Under Rule 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by (A) citing to *particular parts* of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." (Emphasis added). Rule 56(c)(3) adds that "[t]he court need consider only the cited materials, but it may consider other materials in the record.," and under Rule 56(e), "[i]f a party fails to properly support an assertion of fact . . . , the court may: . . . (2) consider the fact undisputed for purposes of the motion." *See Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379–80 (5th Cir. 2010) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."). Despite Bates's failure to comply with Rule 56, in the interest of justice, the Court has endeavored to consider the record as a whole, but it finds no factual support for Bates's arguments.

III.     Analysis

Perkins seeks qualified immunity on Bates's § 1983 claim asserted against him in his individual capacity. Qualified immunity is a shield from individual liability for "'government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

"[Q]ualified immunity generally protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). It is "an entitlement not to stand trial or face the other burdens of litigation." *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Courts deciding qualified immunity employ a two-part test. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). First, plaintiff "must claim that the defendants committed a constitutional violation under current law." *Id.* (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999)). Second, plaintiff "must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.* "The defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001). Thus, "[a]n official is eligible for qualified immunity even if the official violated another's constitutional rights," as long as the conduct was not objectively unreasonable. *Id*. Finally, whether the conduct was objectively unreasonable is an issue of law reserved for the court. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999).

Bates fails to show Perkins violated her rights and therefore never surpasses the first prong.[2] Section 1983 provides a civil cause of action against persons who violate constitutional rights while acting under color of state law. 42 U.S.C. § 1983. It is well-settled that "there is no

---

[2] Even if she could meet the first prong, she fails to address the second—an equally fatal omission.

vicarious or respondeat superior liability of supervisors under § 1983." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006); *accord Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011) ("Under § 1983, however, a government official can be held liable only for his own misconduct.") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).  Thus, a supervisory official like Perkins "may be held liable [under § 1983] . . . if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (citation omitted).  In this case, Bates identifies no unconstitutional policies, arguing instead that Perkins's failure to protect her from the male inmates caused a constitutional deprivation.

To establish a failure-to-protect claim, a prisoner must show that she was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to [her] need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  A prison official acts with deliberate indifference if the official "is aware of an 'excessive risk to inmate . . . safety' and disregards that risk." *Longoria v. Texas*, 473 F.3d 586, 592–93 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  Deliberate indifference requires that the official both is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and actually "draw[s] the inference." *Farmer*, 511 U.S. at 837.  Thus, the deliberate indifference standard presupposes some personal involvement by the defendant.  Finally, the deliberate indifference standard applies whether the

5

plaintiff asserts that a supervisor affirmatively participated in acts causing the alleged deprivation, adopted a policy, or failed to train or supervise. *Porter*, 659 F.3d at 446.[3]

Bates attempts to meet the deliberate indifference standard in two ways. First, she asserts in her Response [22] that Perkins knew the locks on the male inmate's cells were defective. But because she failed to support that assertion with record evidence, it must be disregarded. Next, her three-page supporting Memorandum [23] provides some black-letter law before offering this single substantive response:

> The sheriff has a statutory duty to detain inmates in separate quarters for women and men. This is due to fact that assaults upon females by male inmates is highly probable. The inmates were not properly detained as evidenced by the jailer not being startled by Plaintiff walking out of jail from the holding cell. The Sheriff and his deputies [sic] failure to properly constrain inmates is a deliberate indifference for the safety of fellow inmates particularly a female inmate such as Plaintiff.

Pl.'s Mem. [23] at 4.

The record does not support Bates's argument for at least three reasons. First, Bates makes no claim that Perkins was personally involved in the events giving rise to her alleged sexual assault, and the record is unrebutted that Perkins was not at the ACJ when Bates was booked, when the male inmates broke out of their cell block and assaulted her, or when she reported the assault to the jailer on duty. In fact, Perkins did not know Bates was being held at the ACJ until after the assault occurred. Bates has not, therefore, shown any personal involvement with respect to the escape and subsequent attack.

---

[3]Bates mentions the term "conditions-of-confinement" in her Response. That argument is neither supported nor explored, and the Court concludes that her failure-to-protect claim is properly addressed as an "episodic act." *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644–45 (5th Cir. 1996).

Second, Bates fails to explain how the statutory requirement to segregate male and female inmates defeats Perkins's right to qualified immunity. It is certainly true that inmates must be segregated.[4] But these inmates were segregated until the male inmates escaped. Holding Perkins liable because his deputies failed to prevent inmates from escaping their cells and entering the female cells would subject Perkins to vicarious or respondeat superior liability, and § 1983 recognizes no such claim. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).[5]

Finally, Bates raised a failure-to-train claim in her Complaint, which is an alternative theory for establishing a supervisor's personal involvement in a constitutional violation. *Porter*, 659 F.3d at 446. But she did not mention this claim in her response and offered no record evidence establishing a failure to train. The claim is therefore abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n. 1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment."). Regardless, a failure to train or supervise must result from deliberate indifference which "normally requires a plaintiff to show a

---

[4] Section 19-25-71(1) of the Mississippi Code provides:

> The sheriff shall be the jailer of his county and, in the performance of his duties as jailer, he shall employ a jailer or jailers to have charge of the prisoners in the jail. . . . The sheriff shall keep in the jail thereof separate rooms by gender, and shall not permit any communication between a male and a female prisoner, unless they be married.

[5] Though not apparent from her response, to the extent Bates is suggesting that the duty was ministerial, accomplishing segregation is still a matter of discretion. *C.f., McQueen v. Williams*, 587 So. 2d 918, 922 (Miss. 1991) (interpreting Miss. Code Ann. § 19-25-35's requirement that the sheriff "safely keep in the jail of his county all persons committed by order of [the] courts" as discretionary so that sheriff was entitled to immunity under the MTCA where inmates escaped from jail and murdered the plaintiff's father).

pattern of violations and that the inadequate training or supervision is 'obvious and obviously likely to result in a constitutional violation.'" *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010) (citing *Estate of Davis*, 406 F.3d at 381 (citations omitted)).  Here, Bates does not even suggest—much less offer evidence proving—that any other women were attacked by male inmates following an escape.  Thus, even if she did not waive the claim, Bates offers no evidence capable of showing that Perkins acted with deliberate indifference by failing to train or supervise.

In sum, Bates has failed to meet her burden to "go beyond the peadings" and "designate 'specific facts showing that there is a genuine issue for trial'" concerning Perkins's personal involvement or actionable supervisory conduct.  *Celotex Corp.*, 477 U.S. at 324.

IV.     Conclusion

For the foregoing reasons, the Court finds that Perkins's motion for summary judgment should be granted.  Bates's claims against Perkins in his individual capacity are dismissed.  The parties are instructed to contact the magistrate judge within two weeks of this order to set the case for a status conference.  The magistrate judge may then consider lifting the stay and entering a case management order.

**SO ORDERED AND ADJUDGED** this the 23th day of May, 2012.

              s/ *Daniel P. Jordan III*
              UNITED STATES DISTRICT JUDGE