IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

EUGENIA BATES                                                                                     PLAINTIFF

v.                                               CIVIL ACTION NO.: 3:11cv368-DPJ-FKB

AMITE COUNTY, MISSISSIPPI, ET AL.                                    DEFENDANTS

ORDER

This civil-rights action is before the Court on the motion of Defendant Amite County, Mississippi, for summary judgment [26]. Plaintiff Eugenia Bates alleges that male inmates raped her while she was incarcerated in the Amite County Jail. Though the rape is disputed, the Court assumes under Rule 56 of the Federal Rules of Civil Procedure that it occurred. Bates fails, however, to offer any record evidence establishing municipal liability under 42 U.S.C. § 1983. For this reason, Defendant's motion must be granted.

I.     Facts and Procedural History

According to her sworn affidavit, Bates was incarcerated on February 26, 2010, in the Amite County Jail. While being held, "two different male prisoners at two different times entered [her] cell and had sex with [Bates] against [her] will." Pl.'s Resp. [33] Ex. 1. Bates faults the county for failing to protect her from the inmates and for failing to better train its officers.

In June 2011, Bates sued Amite County, Mississippi, Amite County Sheriff Timothy Perkins, the Amite County Sheriff's Department, and the Amite County Board of Supervisors. The latter two defendants moved to dismiss, Bates filed no response, and the motion was granted. July 18, 2011 Order [10]. That same Order granted Defendants' unopposed motion to dismiss Bates's state-law claims. On October 10, 2011, Defendant Timothy Perkins moved for summary

judgment based on qualified immunity. Bates responded after a show-cause order, but failed to provide record evidence to defeat the motion as required by Rule 56(c)(1). Based on the record before it, the Court concluded that Perkins was entitled to qualified immunity and therefore dismissed the individual-capacity claims against him. May 23, 2012 Order [25].

This left the § 1983 claims against Amite County, Mississippi, as the only remaining claims, and Amite County filed the present Motion for Summary Judgment [26] on August 22, 2012.[1] Bates initially responded by seeking additional discovery, but that request was denied for a variety of procedural and substantive reasons. Oct. 25, 2012 Order [32]. Though the Court denied additional discovery, it granted Bates more time to respond to the pending motion, and Bates did so on November 8, 2012. Her response attaches two identically worded affidavits stating that a rape occurred. Bates offers no additional record evidence. Personal and subject-matter jurisdiction exist, and the Court is prepared to rule.

II.     Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

---

[1] Although certain official capacity claims remain against various officials, "official capacity suits are really suits against the governmental entity." *Goodman v. Harris Cnty.*, 571 F.3d 388, 396 (5th Cir. 2009).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Finally, as noted in the Court's May 23, 2012 Order, conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993). The 2010 amendments to Rule 56 now make this abundantly clear. Pursuant to Rule 56(c)(1), a party asserting that a fact "is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." And Rule 56(c)(3) now states that the "court need consider only the cited materials, but it may consider other materials in the record." *Accord Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379–80 (5th Cir. 2010) ("We have explained that Rule 56 does not impose upon the district court a duty to sift through the record in

3

search of evidence to support a party's opposition to summary judgment.") (citations and quotations omitted). In the present case, Bates recites the law and provides legal argument, but she fails to support the factual assertions with record evidence as Rule 56(c) requires.

III. Analysis

Bates alleges that Amite County failed to protect her from assault by male inmates and is therefore liable under 42 U.S.C. § 1983. Section 1983 provides a cause of action against any person who, under color of law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. Here, Bates invokes the Due Process Clause of the Fourteenth Amendment which creates a duty to protect pretrial detainees. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). To establish a failure-to-protect claim, a prisoner must show that she was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to [her] need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).

Though Bates has identified a constitutional right that was allegedly violated, she must still demonstrate that Amite County is liable for it. Municipal liability under § 1983 may not rest on respondeat superior, and instead must be premised upon "some official action or imprimatur." *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). "[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski*, 237 F.3d at 578 (citing *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978)).

But before the claim can be evaluated, it must be further characterized. "Constitutional challenges by pretrial detainees may be brought under two alternative theories: as an attack on a 'condition of confinement' or as an 'episodic act or omission.'" *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009) (citing *Hare*, 74 F.3d at 644–45). Here, Bates discusses both legal standards before contending that she "was the victim of a condition of confinement." Pl.'s Resp. [34] at 3. She makes no such pronouncement as to an episodic-act claim.

Despite Bates's characterization, the Court has already held that this case is "properly addressed as an 'episodic act.'" May 23, 2012 Order [25] at 6 n.3. "In an 'episodic act or omission' case, an actor usually is interposed between the detainee and the municipality, such that the detainee complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission." *Scott v. Moore*, 114 F.3d 51, 53 (5th Cir. 1997) (holding that sexual assault in jail allegedly caused by understaffing was an episodic act and not a condition of confinement). That is the case here, so the Court will first examine the issues under the episodic-acts analysis before looking to Bates's arguments regarding conditions of confinement.

A.  Episodic Act

The Fifth Circuit has explained the standards for municipal liability under § 1983 in the episodic-act context as follows:

> the plaintiff must demonstrate: "(1) that the municipal employee violated [the pretrial detainee's] clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999). To demonstrate subjective deliberate indifference under the first prong, the plaintiff must show that the municipal employee "knew of and disregarded an excessive risk to the [detainee's] health or safety." *Gibbs v. Grimmette*, 254 F.3d 545, 549

5

(5th Cir. 2001). Under the second prong, the plaintiff must identify a policymaker and show that an official policy is the "moving force" behind the municipal employee's allegedly unconstitutional act. *Piotrowski*, 237 F.3d at 578. The objective deliberate indifference standard "considers not only what the policymaker actually knew, but what he should have known, given the facts and circumstances surrounding the official policy and its impact on the [pretrial detainee's] rights." *Lawson v. Dallas County*, 286 F.3d 257, 264 (5th Cir. 2002).

*Brumfield v. Hollins* 551 F.3d 322, 331 (5th Cir. 2008) (other citations omitted); *see also Scott*, 114 F.3d at 54 (5th Cir. 1997) (citing *Hare*, 74 F.3d at 649 n.4).

Bates fails to meet these standards. Her case-specific arguments, presented in their entirety, are as follows:

> Male prisoners were consistently allowed to move freely from cell to cell as long as they did not leave the facility. The male detainees freedom to move freely coupled with the susceptibility of the lock securing the women's quarters gave rise to a violation of Plaintiff's constitutional rights.

*Id*.

> Allowing male detainees to move freely in the Amite County jail coupled with the inadequate lock securing female prisoners posed a substantial risk of harm to plaintiff. Female detainees are particularly vulnerable to an assault by a male detainee. Despite said known risk, officials failed to monitor the hallway connecting male and female living quarters; thereby allowing two male detainees to access and sexually assault Plaintiff.

*Id*. at 4–5.[2]

Significantly, Bates cites no record evidence to support these assertions as required by Rule 56(c)(1)(A). And other than the allegation that she was sexually assaulted, none of these alleged facts are reflected in the two affidavits she attached to her response. As stated, conclusory allegations, speculation, unsubstantiated assertions are not sufficient under Rule

---

[2]Bates contends that this is a conditions-of-confinement case, so her arguments were apparently intended to address that standard. Pl.'s Resp. [34] at 3. The Court reviews them in light of the episodic-act analysis because there is nothing else to consider.

6

56(c).  *TIG Ins. Co.*, 276 F.3d at 759.  But even assuming Bates could support these factual assertions, the claim still fails for lack of proof that a municipal employee exercised subjective deliberate indifference; that the violation resulted from a  municipal policy or custom; or that "the policy or custom was adopted and maintained with objective deliberate indifference." *Brumfield*, 551 F.3d at 331.  There is no proof of similar issues in the past or issues with these male inmates, and there is likewise a causation problem as Bates herself testified that she did not know how the males got into her holding cell.  Bates Dep. 30–31.  Bates has therefore failed to establish a triable issue under the episodic-acts analysis.

        B.       Conditions of Confinement

Though Bates's claim fits squarely within the episodic-acts line of cases, she argues that it is an attack on the conditions of confinement.  Assuming only for the sake of argument that she is correct, the claim still falls short.  With claims "grounded in unconstitutional conditions of confinement, the plaintiff need only show that such a condition, which is alleged to be the cause of a constitutional violation, has no reasonable relationship to a legitimate governmental interest." *Duvall v. Dallas Cnty., Tex.*, 631 F.3d 203, 207 (5th Cir. 2011).  To prevail on such a claim, Bates must prove "(1) a rule or restriction or . . . the existence of an identifiable intended condition or practice or that the jail official's acts or omissions were sufficiently extended or pervasive; (2) which was not reasonably related to a legitimate governmental objective; and (3) which caused the violation of [Bates's] constitutional rights." *Id*. (citing *Hare*, 74 F.3d at 645) (internal punctuation omitted).  "Proving a pattern is a heavy burden, one that has rarely been met in our caselaw." *Shepherd*, 591 F.3d at 452.

7

As discussed above, Bates premises her argument on factual assertions that are not supported in the record and therefore incompetent to create triable issues. But even if she could prove the limited facts asserted in her response, the claim still fails for lack of any evidence that Amite County established any policy or a "pattern of acts or omissions." *Shepherd*, 591 F.3d at 452. And again, Bates testified that she did not know how the men entered the cell, which belies causation. So to the extent this case can be viewed as a conditions-of-confinement claim, Bates has not met her burden of going beyond the pleadings and designating "specific facts showing that there is a genuine issue for trial." *Celotex Corp.* 477 U.S. at 324.[3]

IV.  Conclusion

The Court has considered all arguments raised in the parties' submissions. Many of the Defendant's arguments provide additional weight for this ruling but have not been addressed given the nature of the response. For the reasons stated, Defendant's Motion for Summary Judgment [26] is granted. Defendant's Motion to Strike [31] is denied as moot. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3] Bates had previously raised a failure-to-train argument, but that theory is not reflected in her response to Defendant's Motion for Summary Judgment and is deemed abandoned. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff's] failure to pursue this claim beyond [the] complaint constituted abandonment.").